UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JASON T. SHORTES,

                **Plaintiff,**

v.                                                              Case No.  6:11-cv-1290-Orl-28GJK

BREVARD COUNTY STATE ATTORNEY'S OFFICE,

                **Defendant,**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **AFFIDAVIT OF INDIGENCY (Doc. No. 2)**
>
> **FILED:**      August 4, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.  It is further **RECOMMENDED** that the case be **DISMISSED** for lack of subject matter jurisdiction.

**I.**    **BACKGROUND.**

On August 4, 2011, *pro se* Plaintiff Jason T. Shortes ("Shortes") instituted this action by filing a complaint (the "Complaint") entitled "Appellate Brief – Injunctive Relief Sought – Three Judge District Court Requested" against the Brevard County State Attorney's Office (the "BCSAO").  Doc. No. 1.  The gravamen of the Complaint is that Circuit Court of the 18th

Judicial Circuit, in and for Brevard County, Florida, in Case No. 05-2010-CA-062429, erred by denying Shortes' motion to strike filed therein and by dismissing with prejudice Shortes' state court complaint against BCSAO.  *See* Doc. Nos. 1 at 1-10; 1-3 at 1-22; 1-4 at 1-64.  Attached to the Complaint is the July 12, 2011, oral order of the Honorable Robert T. Burger in Florida's 18th Judicial Circuit Court denying Shortes' motion to strike and dismissing Shortes' complaint with prejudice for failing to state a claim, sovereign immunity, failing to comply with § 768.28, Florida Statutes, and the doctrine of absolute immunity.  Doc. No. 1-4 at 55-58.  In the Complaint, Shortes seeks District Court review of the state court order.  Doc. No. 1.

**II.     APPLICABLE LAW.**

    **A.  The Statute and Local Rules**

The United States Congress has required that the district court review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim.  *See* 28 U.S.C. § 1915.[1]  The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis.*  Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>    (A)  the allegation of poverty is untrue; or
>    (B)  the action or appeal --
>       (i)  is frivolous or malicious;
>       (ii) fails to state a claim on which relief
>          may be granted; or
>       (iii)  seeks monetary relief against a
>           defendant who is immune from
>           such relief.

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints.  Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

28 .S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*.  *See* Local Rule 4.07.  Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*.  Local Rule 4.07 (a).  The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions.  Local Rule 6.01(c)(18).  With respect to any involuntary dismissal or other final order that would be appealable if entered by a District Judge, the United States Magistrate Judge may make recommendations to the District Judge.  *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate.  Local Rule 4.07(a).

---

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.  28 U.S.C. § 1915 (a)(3).

1. **Discretion Under 28 U.S.C. § 1915**

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[3] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

2. **Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I)**

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990). The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Clark*, 915 F.2d at 639. A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

B. **The *Rooker-Feldman* Doctrine.**

In *Skinner v. Switzer*, 131 S.Ct. 1289, 1297 (Mar. 7, 2011), the United States Supreme Court recently clarified the meaning and application of the *Rooker-Feldman*, stating:

---

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

> As we explained in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the *Rooker–Feldman* doctrine has been applied by this Court only twice, i.e., only in the two cases from which the doctrine takes its name: first, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), then 60 years later, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Both cases fit this pattern: <u>The losing party in state court filed suit in a U.S. District Court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment. Alleging federal-question jurisdiction, the plaintiffs in *Rooker* and *Feldman* asked the District Court to overturn the injurious state-court judgment. We held, in both cases, that the District Courts lacked subject-matter jurisdiction over such claims, for 28 U.S.C. § 1257 "vests authority to review a state court's judgment solely in this Court.</u>" *See Exxon*, 544 U.S., at 292, 125 S.Ct. 1517.

*Id*. (emphasis added).  Thus, the *Rooker-Feldman* doctrine holds that District Courts lack subject matter jurisdiction to review state court judgments.  *Id*.

### III.  APPLICATION.

Shortes brought this action in the District Court to appeal or review the judgment of the state court.  Doc. Nos. 1, 1-3, 1-4.  Pursuant to the *Rooker-Feldman* doctrine, the District Court lacks subject matter jurisdiction to review such judgments.  Accordingly, it is **RECOMMENDED** that the Court:

1) **DENY** the Motion (Doc. No. 2);

2) Dismiss the case for lack of subject matter jurisdiction; and

3) Direct the Clerk to close the case.

**The Clerk is directed to send a copy of this recommendation to Plaintiff by Certified Mail.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 15, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Unrepresented parties by Certified Mail
Counsel of record